UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DARRELL JESTER,<br>Plaintiff | : <br> : <br> : | No. 3:18-cv-1362- (VLB) |
| v. | : <br> : | |
| COMMISSIONER OF SOCIAL<br>SECURITY<br>    Defendant. | : <br> : <br> : <br> : <br> : <br> : | January 9, 2020 |

## Memorandum of Decision and Order Granting Defendant's Motion to Dismiss

### [Dkt. 12]

Plaintiff Darrell Jester filed an action *pro se* seeking review of a decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g) on August 13, 2018. [Dkt. 1 (Compl.)]. Before the Court is the Commissioner's Motion to Dismiss the action as untimely filed. [Dkt. 12 (Mot. to Dismiss)]. For reasons set forth herein, the Court GRANTS the Commissioner's Motion to Dismiss.

### Background

On August 14, 2017, Administrative Law Judge Matthew Kuperstein determined that Mr. Jester became disabled because of his legal blindness on June 1, 2015 but was not under a disability from May 2, 2014 through May 31, 2015. [Dkt. 12 (Def. Mot. to Dismiss, Ex. 3, ALJ Decision) 4-12]. On May 3, 2018, the Appeals Council denied Mr. Jester's request for review. [*Id.* at Ex. 4 (Notice of Appeals

1

Council Action)]; [Dkt. 1 (Compl.) at Ex. 1](same). The Appeals Council notice explained how a claimant could file an action for judicial review and placed the claimant on notice of the 60 day statutory limitation. [Dkt. 1 (Compl.) at Ex. 1 at 7-8].

In support of the Defendant's Motion to Dismiss, Cristina Prelle, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations of the Social Security Administration submitted a sworn affidavit attesting that she is unaware of any requests for an extension of time to file a civil action filed with the Commissioner. [Dkt. 12 at Ex. 2 (Prelle Aff.)]. The Plaintiff did not file an opposition brief to the Defendant's motion to dismiss. The Complaint does not reference any extensions granted by the Commissioner nor provide any basis for equitable tolling.

## Legal Analysis

First, pursuant to D. Conn. L. R. Civ. P 7(a)(2), failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion. Here, the Defendant's motion to dismiss was filed on October 17, 2018. [Dkt. 12]. On October 31, 2018, the Defendant served Mr. Jester with the requisite Notice to Self-Representant Litigants Regarding Motions to Dismiss, as required by D. Conn. L. R. Civ. P. 12(a). [Dkt. 16]. The notice warns that a "Defendant's motion may be granted and your claims may be dismissed without further notice if you do not file opposition papers as required by Rule 12 of the Federal Rules of

Civil Procedure…" *Id.* at 1. An opposition brief to the motion was due on or before November 5, 2018. D. Conn. L. R. Civ. P. 7(a)(2). The Court deems Plaintiff's failure to respond to the Defendant's motion a basis to grant the Defendant's motion to dismiss because the Plaintiff's pleadings do not provide sufficient grounds to deny the Defendant's motion.

42 U.S.C. § 405(g) states, in relevant part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." (emphasis added). Social Security regulations presume that a claimant receives notice of the decision from the Appeals Council within 5 days after the date of the notice, unless the Claimant reasonably establishes otherwise. C.F.R. § 422.210(c).

The Second Circuit has held that failure to file an action within the 60 days of receipt of the notice of decision from the Appeals Council bars judicial review, absent an extension from the Commissioner or extraordinary circumstances warranting equitable tolling. See *Bachand v. Saul*, 778 F. App'x 74, 75 (2d Cir. 2019); *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988); *see also Morales v. Berryhill*, No. 3:17-CV-0927 (MPS), 2018 WL 3748159 (D. Conn. Aug. 7, 2018).

Here, accounting for an additional 5 days for mailing, the period to file suit expired on July 9, 2018 and the Complaint was filed on August 13, 2018, 37 days

later. The complaint states, erroneously, that the Appeals Council rendered their decision on May 23, 2018 and omits the date that Plaintiff received the decision from the Appeals Council. [Dkt. 1 (Compl.) ¶ 8]. However, the Appeals Council decision, dated May 3, 2018, is attached to the Complaint. [*Id*. at Ex. 1]. Even assuming *in arguendo* that the Appeals Council decision was issued on May 23, 2018 and not May 3rd, and accounting for the five day mailing period under the C.F.R. § 422.210(c), the action would still be untimely by 17 days.

Mr. Jester, having failed to respond to the motion to dismiss, failed to rebut the presumption of receipt of the Appeal Council's decision on or before May 8 2018 and failed to establish that extraordinary circumstances exist to warrant equitable tolling. Thus, the Complaint is dismissed as untimely.

## Conclusion

The Court therefore GRANTS the Defendant's Motion to Dismiss this action pursuant to 42 U.S.C. § 405(g). The Clerk is directed to close this case.

Dated this day at Hartford, Connecticut: January 9, 2020

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge